UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22244-Civ-COOKE

GARY M. COHEN

    Plaintiff

vs.

RICHARD B. CARMEL,

    Defendant.

_____/

## ORDER OF DISMISSAL

THIS CASE is before me on an independent review of the record. The Plaintiff filed his complaint on July 8, 2010, along with his Motion for Leave to Appeal *in forma pauperis*, and his "Emergency Motion" on Criminal Harassment. On July 23, 2010, the Plaintiff filed an amended complaint. I have reviewed all of the Plaintiff's filings, the complaint and amended complaint,[1] and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's amended complaint is dismissed without prejudice.

### I. BACKGROUND

The Plaintiff, Gary Cohen, alleges that his landlord, Richard Carmel, is guilty of "civil rights violations," "conspiracy and collusion," and "criminal harassment." (Compl. 1-2 [ECF No. 1]). Mr. Cohen alleges that his neighbor in the apartment beneath him, Ari "Bruno" Carmargo, is "threatening [his] life, attempting to give [him] spinal cord and neck injury and

---

[1] It appears that the Plaintiff intended to incorporate all of the allegations raised in the complaint into the amended complaint. I have therefore construed the complaint and amended complaint together in evaluating the Plaintiff's case. *Cf. Asad v. Bush*, 170 F. App'x 668, 671 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

attempting to give [him] and [his] pet a heart attack and brain damage." (Am. Compl. 2 [ECF No. 10]). Mr. Cohen explains that Mr. Bruno runs an air compressor or motor, from the unit below him, to vibrate the floor of Mr. Cohen's apartment. (Am. Compl. 2). It is the Plaintiff's position that this harassment is an attempt to interfere with his ability to litigate his appeal in an employment law case brought against his former employer, Federal Express, which is pending before the Second Circuit Court of Appeals.

Mr. Cohen's case is filed under 18 U.S.C § 242 (criminal deprivation of rights under color of law), 18 U.S.C. § 241 (criminal conspiracy against rights), 42 U.S.C. § 1983 (civil action for deprivation of rights), and Title XLVI of the Florida Statutes.[2] (Compl. 1 [ECF No. 1]).

## II. LEGAL STANDARDS

A court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines that "from the face of the complaint that the factual allegations are clearly baseless or that the

---

[2] The Plaintiff's Compliant indicates that his claim is filed under "Florida Constitution article XLVI." (Compl. 1 [ECF No. 1]). The Florida Constitution does not have an Article XLVI, however Title XLVI of the Florida Statutes, which is titled "Civil Rights" contains the Florida Civil Rights Act. Fla. Stat. §§ 760.101 – 760.11 (2009). For purposes of this order, I have construed the Plaintiff's claims as being filed under the Florida Civil Rights Act. *Cf. Harris v. United Auto. Ins. Group, Inc.*, 579 F.3d 1227, 1232 n.2 (11th Cir. 2009) (explaining that a *pro se* plaintiff's briefs should be construed liberally).

legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

### III. ANALYSIS

Title 18, Sections 241 and 242 of the United States Code, are criminal statues and do not give rise to a private cause of action. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1439 (11th Cir. 1985); *accord Crosby v. Catret*, 308 F. App'x 453, 453 (D.C. Cir. 2009) ("The district court properly rejected appellant's attempt to invoke 18 U.S.C. § 241 and 18 U.S.C. § 242 to initiate a prosecution against the named defendants because there is no private right of action under these criminal statutes."). The Plaintiff's claims arising out of 18 U.S.C. §§ 241 and 242 must be dismissed because there is no private cause of acting arising from these criminal statutes.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1523 (11th Cir. 1995).

The Plaintiff's claims arising out of 42 U.S.C. § 1983 must be dismissed because the Plaintiff has not alleged that the Defendants, Richard Carmel and Ari "Bruno" Carmargo, acted under color of state law. The complaint avers that Mr. Carmel, the Plaintiff's landlord, has conspired with unnamed individuals in an effort to harass the Plaintiff in order to "sandbag his Federal Court case." (Compl. 2 [ECF No. 1]). The amended complaint alleges that Mr. Carmargo runs a mechanical device that vibrates the floor of Mr. Cohen's apartment. (Am.

3

Compl. 3 [ECF No. 10]). The Plaintiff does not allege in any way that either Mr. Carmel or Mr. Carmargo acted with authority possessed by virtue of employment or other special relationship with the state. To the contrary, the Plaintiff's allegations paint a picture of Mr. Carmel and Mr. Carmargo acting only as private individuals.

The Florida Civil Rights Act is akin to Title VII and other similar federal legislation focused on discrimination issues. *See* 9 Fla. Jur. 2d Civil Rights § 2 (comparing the Florida Civil Rights Act to the federal Rehabilitation Act, the Americans with Disabilities Act, Title VII, and the Age Discrimination in Employment Act). The Florida Civil Rights Act is not a parallel state remedy for all alleged Constitutional violations arising under 42 U.S.C. § 1983, but is instead limited to the context of discrimination. *See* Fla. Stat. § 760.01(2) (2009) ("The general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status . . . .").

The Plaintiff's claims arising out of the Florida Civil Rights Act must be dismissed because the Complaint does not allege that Mr. Cohen is being discriminated against because of race, color, religion, sex, national origin, age, handicap, or marital status. Mr. Cohen clearly alleges that the purported harassment that he is suffering is focused at him because of his pending federal appeal. (Compl. 1-2). The only discrimination claim that I can construe from the Complaint is that Mr. Cohen is saying that he is being treated differently than other tenants because of his status as a federal appellant. "Federal litigant" is not a protected status under the Florida Civil Rights Act. *See* Fla. Stat. § 760.01(2) (2009).

### IV. CONCLUSION

For the reasons explained in this Order, the Plaintiff's case does not have legal merit. The Plaintiff's amended complaint fails to state a claim on which relief may be granted. It is therefore **ORDERED and ADJUDGED** that:

1. The Plaintiff's amended complaint is **DISMISSED** without prejudice.

2. All other motions are **DENIED** as moot.

3. The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of July 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*
*Gary M. Cohen*, pro se